SANFORD JAY ROSEN – 062566
MARIA VIETTE MORRIS – 223903
FATHIMA NURA MAZNAVI – 232008
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94109
Telephone: (415) 433-6830
Fax: (415)433-7104
Emails: srosen@rbg-law.com
mmorris@rbg-law.com
nmaznavi@rbg-law.com

GERI LYNN GREEN – 127709
LAW OFFICES OF GERI LYNN GREEN, LC
700 Montgomery street
San Francisco, CA 94111
Telephone: (415) 982-2600
Facsimile: (415) 358-4562
Email: gerigreen@earthlink.net

Attorneys for Plaintiff
Courtney E.Countee, IV

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

COURTNEY E. COUNTEE, IV,

Plaintiff,

vs.

COUNTY OF SACRAMENTO, LOU BLANAS, MARK IWASA, DONALD BLACK, SCOTT HAYES, RUSSELL MUNN, KELLY LARA, NATE O'BRIEN, PAUL LABANCE, MICHAEL KEEGAN, JAMES CROUSON, WILLIAM STARR, COURTNEY BARTILSON, FRANK FERMER, CLAUDE TORREY, JOSEPH REEVE, AND DOES I through XXX,

Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, CONSPIRACY TO VIOLATE CIVIL RIGHTS, AND SUPPLEMENTAL STATE CLAIMS**

**JURY TRIAL DEMANDED**

## Introduction

In December of 2005, Plaintiff COURTNEY E. COUNTEE, IV was a detainee at the Sacramento County Main Jail ("Main Jail"), awaiting sentencing on a guilty verdict. On December 1, 2005, poorly trained, inadequately supervised and ill-equipped staff at the Main Jail conducted involuntary cell extractions of several prisoners. During the cell extraction of Plaintiff COUNTEE, custodial personnel, without proper warning, threw a flash-bang grenade into his cell, causing severe mental and physical injury. Thereafter, Plaintiff COUNTEE was beaten by staff. He was then held for at least two and a half hours in a prostraint chair without proper medical attention, care and treatment. All the actions were racially discriminatory and in retaliation for complaints he had made about his conditions of confinement. The actions wantonly inflicted lasting and unnecessary physical and psychological pain on him in violation of Plaintiff COUNTEE's rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.

The Main Jail is notorious for its deplorable conditions of confinement, poorly staffed and trained custody staff and a pattern and practice of officers using excessive force against inmates, as highlighted in both a District Attorneys' report investigating this incident and an audit of the jail commissioned by the Sacramento County Board of Supervisors in 2006.

## Jurisdiction and Venue

1. This case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. With respect to those claims brought pursuant to California law, Plaintiff has attempted to comply with the administrative claim requirement. The court has supplemental jurisdiction over plaintiffs' state claims pursuant to 28 U.S.C. § 1367.

2. The claims alleged herein arose in the County of Sacramento, California. Therefore, venue in the Eastern District of California and is proper pursuant to 28 U.S.C. § 1391(b)(2); Local Rule 3-120(b).

**Parties**

3. Plaintiff COURTNEY E. COUNTEE, IV is a citizen of the United States, and a resident of the City of Oakland, County of Alameda, and State of California. COURTNEY COUNTEE is presently a free person and brings this action on his own behalf.

4. Defendant COUNTY OF SACRAMENTO is a public entity, duly organized and existing under the laws of the State of California. Under its authority, Defendant COUNTY OF SACRAMENTO operates the Sacramento Sheriff's Department and the Main Jail.

5. Defendant LOU BLANAS was the Sheriff of the Sacramento Sherriff's Department at all times relevant hereto. In committing the acts and omissions alleged herein, Defendant BLANAS was acting under color of state law and within the course and scope of his employment as the Sheriff of the Sacramento County Sheriff's Department. As Sheriff, Defendant BLANAS was an official with final policy-making authority regarding the supervision, discipline, training and equipping of officers for the COUNTY OF SACRAMENTO. Defendant BLANAS is sued in his official and individual capacities.

6. Defendant MARK IWASA was the Jail Commander of the Main Jail at the time of the extraction. In committing the acts and omissions alleged herein, Defendant IWASA was acting under color of state law and within the course and scope of his employment as the Jail Commander of the Main Jail. As Jail Commander, Defendant IWASA was an official with final policy-making authority regarding the supervision, discipline and training of officers for the Main Jail. Defendant IWASA is sued in his official and individual capacities.

7. Defendant Sergeant DONALD BLACK was Acting Watch Commander of the Main Jail and was a probationary sergeant at the time of the extraction. In committing the acts and omissions alleged herein, Defendant BLACK was acting under color of state law and within the course and scope of his employment as the Acting Watch Commander of the Main Jail. Defendant BLACK was on probation because of his recent promotion to

sergeant. As Acting Watch Commander, Defendant BLACK was an official with final policy-making authority regarding directing the personnel at the Jail during his watch. Defendant BLACK is sued in his official and individual capacities.

8. Defendant Sergeant SCOTT HAYES was a probationary sergeant at the Main Jail at the time of the extraction. Defendant HAYES is sued in his official and individual capacities.

9. Defendant Sergeant RUSSELL MUNN was a probationary sergeant at the Main Jail at the time of the extraction. Defendant MUNN is sued in his official and individual capacities.

10. Defendant Sergeant KELLY LARA was a probationary sergeant at the Main Jail at the time of the extraction. Defendant LARA is sued in his official and individual capacities.

11. Defendant Deputy NATE O'BRIEN was the leader in charge of the Custody Emergency Response Team ("CERT") at the time of the extraction. In committing the acts and omissions alleged herein, Defendant O'BRIEN was acting under color of state law and within the course and scope of his employment as the leader in charge of the CERT. As the leader in charge of the CERT, Defendant O'BRIEN was an official with final policy-making authority regarding directing CERT members at the Jail during his watch. Defendant O'BRIEN is sued in his official and individual capacities.

12. Defendant Deputy PAUL LABANCE was a member of CERT at the time of the extraction. Defendant LABANCE is sued in his official and individual capacities.

13. Defendant Deputy MICHAEL KEEGAN was a member of CERT at the time of the extraction. Defendant KEEGAN is sued in his official and individual capacities.

14. Defendant Deputy JAMES CROUSON was a member of CERT at the time of the extraction. Defendant CROUSON is sued in his official and individual capacities.

15. Defendant Deputy WILLIAM STARR was a member of CERT at the time of the extraction. Defendant STARR is sued in his official and individual capacities.

16. Defendant Deputy COURTNEY BARTILSON was a member of CERT at the

time of the extraction. Defendant BARTILSON is sued in his official and individual capacities.

17. Defendant Deputy FRANK FERMER was a member of CERT at the time of the extraction. Defendant FERMER is sued in his official and individual capacities.

18. Defendant Deputy CLAUDE TORREY was a member of CERT at the time of the extraction. Defendant TORREY is sued in his official and individual capacities.

19. Defendant Deputy JOSEPH REEVE was a member of CERT at the time of the extraction. Defendant REEVE is sued in his official and individual capacities.

20. Plaintiff COUNTEE is ignorant of the true names and capacities of defendants sued herein as DOES I through XXX, and therefore sues said defendants by such fictitious names. Plaintiff COUNTEE is informed and believes and therefore alleges on information and belief, that each of them is responsible in some manner for the injuries and damages alleged herein. Plaintiff COUNTEE therefore sues Custodial Staff DOES I through XVI and Medical Staff XVII through XXX, by such fictitious names and will seek leave to amend this complaint to add their true names when the same have been ascertained. DOES I through XXX are sued in their official and individual capacities.

21. At all times mentioned herein, the Defendants named in Paragraphs 5 through 20, and each of them, acted within the course and scope of their employment.

22. At all times mentioned herein, the Defendants, and each of them, acted under color of state law.

23. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that each Defendant acted in concert with and as an agent of each other Defendant.

**Exhaustion of Pre-Lawsuit State Law Procedures**

24. Plaintiff COUNTEE attempted to file a governmental tort claims with Defendant COUNTY OF SACRAMENTO on or about December 4, 2005, by completing the form and submitting it to an officer at the Main Jail, who said that he would file the document. Plaintiff COUNTEE never received a response to his tort claims filing.

**Facts**

25. Commencing on or about October 19, 2005, Plaintiff COUNTEE was held at the Main Jail for trial on a criminal charge.

26. On or about November 17, 2005, Plaintiff COUNTEE was transferred into the Eighth Floor West, 400 pod housing unit ("400 pod") of the Main Jail.

27. On or about November 18, 2007, Plaintiff COUNTEE was found guilty of a criminal charge and sentenced on December 20, 2007.

28. While housed on the upper tier of the 400 pod, Plaintiff COUNTEE and other inmates similarly housed were deprived of blankets, mattresses, phone calls and necessary and appropriate medical care. Additionally, Plaintiff COUNTEE and other inmates in the 400 pod were not allowed to take regular showers, meals were often withheld from Plaintiff COUNTEE, and the facility was not cleaned. Plaintiff COUNTEE regularly noticed mice in the housing unit.

29. Plaintiff COUNTEE, and other inmates similarly situated, repeatedly complained about the deplorable conditions of the jail by submitting grievances to custody staff. These grievances were not answered or addressed.

30. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that all but one of the inmates housed in the 400 pod were people of color.

31. On or about the evening of December 1, 2005, the upper tier of the 400 pod was flooded as part of Plaintiff COUNTEE's and other inmates' non-violent advocacy complaint about the conditions of confinement. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that the water was noticed by officers at the jail approximately ten minutes after the flooding commenced. Jail staff shut of the water supply to the upper tier. Jail staff then placed magnetic covers over the cell doors of all the inmates in the 400 pod, so that there was no vision into or out of each individual cell.

32. Plaintiff is informed and believes, and on that basis alleges, that shortly after the magnetic covers were placed over the cell doors, Defendant BLACK directed a Custody Emergency Response Team ("CERT") to extract the five inmates from their cells. As the

CERT members went from covered cell to cell, they ordered the inmate inside to lie down on the floor of his cell and, within seconds of the directions, the feeding port was opened and a flash-bang grenade was thrown into the cell.

33. Plaintiff COUNTEE heard an explosion, officers yelling "stop resisting, stop resisting" and then sounds of someone being punched and kicked. Plaintiff COUNTEE heard this same sequence approximately two or three times as officers went from cell to cell. To show that he was not resisting, Plaintiff COUNTEE laid face down on the floor of his cell with his head towards the door prior to the CERT members' arrival at his cell.

34. When the officers reached Plaintiff COUNTEE's cell, Plaintiff COUNTEE was not asked if he would voluntarily exit the cell, and he was never asked to exit voluntarily the cell.

35. At least one of the officers peered under the magnetic cover of Plaintiff COUNTEE's cell and told him to turn around to face away from the cell door. Within less than two seconds of the direction that Plaintiff turn away from the door, and while he was complying with the order while still prone on the floor, the officers opened the food port and tossed a flash-bang grenade into his cell. The grenade bounced off the toilet and onto the floor and detonated approximately 1-2 feet from Plaintiff COUNTEE's face, with a loud noise and blinding flash of light.

36. Plaintiff COUNTEE, stunned from the grenade's detonation, remained on the floor. The officers entered Plaintiff COUNTEE's cell. Several officers pinned him down and punched and kicked him. Plaintiff COUNTEE did not resist at any time. Nonetheless, the officers started beating him while yelling "stop resisting, stop resisting." The officers then handcuffed him while still on the floor, stood him up and placed a spit mask over his face, tying the strings of the mask around his neck. An officer then punched him in the face.

37. Plaintiff COUNTEE, suffering leg injuries from the beating, was unable to stand on his own and was dragged down the stairs by several officers to the lower tier.

38. Plaintiff COUNTEE was given a cursory examination by a nurse, who is a

Defendant Doe. He was then strapped into a prostraint chair, with his hands shackled behind his back, where he was restrained for at least two and a half hours. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that prostraint chairs are widely known as the "devil's chair." At no time during the hours spent in the prostraint chair was Plaintiff COUNTEE examined by medical personnel.

39. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that Defendants purposefully separated all the inmates who were extracted from their cells so that they could not discuss their unconstitutional treatment. Plaintiff COUNTEE was forbidden from speaking to any of the other inmates involved in the extraction for the duration of his incarceration at the Main Jail.

40. During his extraction from his cell, the beating, the handcuffing, and while he was dragged down the stairs, Plaintiff COUNTEE suffered injuries to his head, his rotator cuff, his knees, wrists, fingers and eyes. Plaintiff COUNTEE's wrists were numb for months after the extraction. Plaintiff COUNTEE had difficulty walking for months after the extraction and continues to experience significant pain in his legs.

41. As a result of the involuntarily extraction, beatings, restraint and inadequate medical care, Plaintiff COUNTEE had to take psychotropic medications for almost one and half years after these incidents and suffers, to this day, from nightmares and post-traumatic stress disorder. Defendants' cell extraction process, use of the flash-bang grenades, excessive use of physical force, use of the prostraint chair and failure to provide necessary medical attention, inflicted unnecessary and wanton infliction of pain on Plaintiff COUNTEE, and was the proximate cause of his injuries.

42. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that the individual Defendants clearly and purposefully violated appropriate and constitutional policies and procedures for cell extraction, avoidance of unnecessary and undue force, use of the flash-bang grenades, failure videotape properly the use of the flash-bang grenades and his extractions, appropriate and necessary medical care and treatment, and the use of restraints and the prostraint chair before.

43. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that the County and the Supervisor Defendants' failure to supervise and equip properly those persons who were involved in the involuntary cell extraction, and their failure to train properly staff on the appropriate and constitutional policies, practices and procedures, violated his constitutional rights.

44. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that the extraction, use of the flash-bang grenades, excessive use of physical force, use of the prostraint chair and failure to provide necessary medical attention was in retaliation for his protest of the conditions of his confinement and motivated by racial animus and discrimination.

45. All of the inmates who were involuntarily extracted from their cells, subjected to flash-bang grenades used on them, beaten up, restrained in prostraint chairs and denied necessary medical attention were people of color. Plaintiff COUNTEE observed only white officers involved throughout the events described above.

46. Plaintiff COUNTEE filed a governmental tort claim by completing the form and giving it to an officer, a Defendant DOE. He never received a response to this claim.

## FIRST CLAIM FOR RELIEF
42 U.S.C. Section 1983
Violation of the Eighth and/or Fourteenth Amendments to the Constitution:
Excessive Use of Force
(Against All Defendants except DOES XVII through XXX)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff COUNTEE was subjected to the deprivation of rights by these Defendants, acting or pretending to act under color of state law and of statutes, or ordinances, regulations, customs and usages of the law of the United States, State of California and of the County of Sacramento which rights include, but are not limited to, privileges and immunities secured to Plaintiff COUNTEE by the Constitution and laws of

the United States. By reason of the acts specified herein these Defendants have violated the constitutional rights and liberty interests of Plaintiff COUNTEE, including those provided in the Eighth and/or Fourteenth Amendments to the U.S. Constitution.

49. During the course of his involuntary extraction, these Defendants violated Plaintiff COUNTEE's constitutionally protected rights by:

i. Failing to allow Plaintiff COUNTEE to make a voluntary exit from the cell, before using the flash-bang grenades;

ii. Failing to allow Plaintiff COUNTEE reasonable time to comply with instructions to face away from the cell door, before using the flash-bang grenades;

iii. Use of excessive force, including punching and kicking, to restrain Plaintiff COUNTEE after using the flash-bang grenades and entering his cell;

iv. Dragging Plaintiff COUNTEE down the stairs after the extraction, when he was unable to walk because of leg injuries.

50. As a proximate result of the conduct of these Defendants, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
42 U.S.C. Section 1983
Violation of the Eighth and/or Fourteenth Amendments to the Constitution:
Use of Flash-Bang Grenades
(Against All Defendants except DOES XVII through XXX)

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 as though fully set forth herein.

52. These Defendants use of the flash-bang grenades violated Plaintiff COUNTEE's constitutionally protected rights by:

i. Using the flash-bang grenades in the cell extraction of Plaintiff

COUNTEE;

ii. Failing to give Plaintiff COUNTEE sufficient time to comply with the instruction to turn away from the door before throwing the grenade into the cell; and

iii. Throwing the flash-bang grenade in Plaintiff COUNTEE's the cell through the feeding port without sufficient vision into the cell;

iv. Failing to properly videotape the cell extractions and the use of the flash-bang grenades in Plaintiff COUNTEE's cell.

53. As a proximate result of the conduct of these Defendants, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

<u>THIRD CLAIM FOR RELIEF</u>
42 U.S.C. Section 1983
Violation of the Eighth and/or Fourteenth Amendments to the Constitution:
Use of Restraints and Prostraint Chair
(Against All Defendants)

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55. Defendants' use of the prostraint chair to restraint Plaintiff COUNTEE after he had been forcibly extracted from his cell and beaten violated Plaintiff COUNTEE's constitutionally protected rights by:

i. Restraining Plaintiff COUNTEE in the prostraint chair;

ii. Failing to properly medically examining Plaintiff COUNTEE prior to restraining him in the prostraint chair;

iii. Restraining Plaintiff COUNTEE in the prostraint chair for over at least two and a half hours;

iv. Knowingly and willingly placing and keeping Plaintiff COUNTEE in the prostraint chair for a punitive purpose;

v. Failing to properly medically examine Plaintiff COUNTEE when the restraint in the prostraint chair exceeded one half hour;

vi. Failing to keep a proper log of the reasons justified for holding Plaintiff COUNTEE in the prostraint chair for over one hour.

56. As a proximate result of the conduct of Defendants, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

FOURTH CLAIM FOR RELIEF

42 U.S.C. Section 1983
Violation of the Eighth and/or Fourteenth Amendments to the Constitution:
Failure to Provide Appropriate Medical Care
(Against Defendant COUNTY OF SACRAMENTO, Defendant BLANAS, Defendant IWASA, Defendant BLACK, Defendant HAYES, Defendant MUNN, Defendant LARA, Defendant O'BRIEN, and DOES XVII through XXX)

57. Plaintiff realleges and incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

58. These Defendants failed to provide Plaintiff COUNTEE with appropriate medical care after he had been forcibly extracted from his cell and beaten without cause. These Defendants further failed to conduct required medical examinations during the period of Plaintiff COUNTEE's restraint in the prostraint chair.

59. As a proximate result of the conduct of these Defendants, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

///

///

///

FIFTH CLAIM FOR RELIEF
42 U.S.C. Section 1983
Violation of the First Amendment to the Constitution:
Retaliation for Protesting Unconstitutional and Unlawful Jail Conditions
(Against All Defendants)

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61. Plaintiff is informed and believes, and on that basis alleges, that Defendants aforementioned acts were in retaliation for Plaintiff COUNTEE's protests of the deplorable conditions under which he and similarly situated inmates were being held at the Sacramento County Main Jail.

62. As a proximate result of the conduct of Defendants, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

SIXTH CLAIM FOR RELIEF
42 U.S.C. Section 1983
Violation of the Equal Protection Clause of the Fourteenth Amendment
(Against All Defendants)

63. Plaintiff realleges and incorporates by reference paragraphs 1 through 62 as though fully set forth herein.

64. Plaintiff is informed and believes, and on that basis alleges, that Defendants aforementioned acts were motivated by racial animus and that Plaintiff COUNTEE and the other inmates of color in the Main Jail were treated, in all respects and without justification, different from similarly situated non-Hispanic white inmates.

65. As a proximate result of the conduct of Defendants, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

SEVENTH CLAIM FOR REIEF
42 U.S.C. Section 1983
Violations of the First, Eighth and/or Fourteenth Amendments to the Constitution:
(Against Defendant COUNTY OF SACRAMENTO, Defendant BLANAS, Defendant ISAWA, Defendant BLACK, Defendant HAYES, Defendant MUNN, Defendant LARA, Defendant O'BRIEN, and DOES I through XVI in their official capacities)
(*Monell* Claim)

66. Plaintiff realleges and incorporates by reference paragraphs 1 through 65 as though fully set forth herein.

67. These Defendants maintained policies, customs or practices in the Main Jail that were the moving force behind the violation of Plaintiff COUNTEE's constitutional rights. Such policies, customs or practices include, but are not limited to:

a. Understaffing the Main Jail with supervisory custody personnel:

    i. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that at all relevant times herein, the Main Jail was supervised solely by probationary sergeants, with no staff on site above the rank of probationary sergeant.

    ii. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that no senior staff, above the rank of probationary sergeant, was contacted until after the cell extractions and the use of flash-bang grenades and prostraint chair.

b. Understaffing the Main Jail with sufficiently trained custody personnel:

    i. Plaintiff COUNTEE is informed and believes, and on that basis alleges, that these Defendants failed to train properly custody personnel, including but not limited to members of CERT, on the proper procedures for cell extraction, use of flash-bang grenades and use of prostraint chair.

c. Participating in and condoning retaliation against inmates who complained about deplorable and unlawful conditions of confinement

d. Treating and retaliating against inmates of color differently than similarly

situated non-Hispanic white inmates at the Main Jail.

68. These Defendants knew or should have known that the policies, customs or practices in the Main Jail would cause grievous injury to Plaintiff COUNTEE in violation of his constitutional rights.

69. As a proximate result of the acts, customs, policies, patterns and practices of these Defendants alleged herein, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

EIGHTH CLAIM FOR REIEF
42 U.S.C. Section 1983
Violation of the Eighth and/or Fourteenth Amendments to the Constitution:
Failure to Supervise and Train Adequately Jail Medical Staff
(Against Defendant COUNTY OF SACRAMENTO, Defendant BLANAS, Defendant ISAWA, Defendant BLACK, Defendant HAYES, Defendant MUNN, Defendant LARA, Defendant O'BRIEN and DOES XVII through XXX in their official capacities)
(*Monell* Claim)

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71. These Defendants maintained a policy, custom or practice of understaffing and failing to properly supervise and train the medical staff at the Main Jail.

72. These Defendants' policy, custom or practice of understaffing and failing to properly supervise and train the medical staff at the Main Jail was the moving force behind the violation of his constitutional rights.

73. These Defendants knew or should have known that the policy, custom or practice of understaffing and failing to properly supervise and train the medical staff at the Main Jail would cause grievous injury to Plaintiff COUNTEE in violation of his constitutional rights.

74. As a proximate result of the acts, customs, policies, patterns and practices of these Defendants alleged herein, Plaintiff COUNTEE suffered personal injury and

emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

NINTH CLAIM FOR RELIEF
42 U.S.C. Section 1985
Violation of the First and Fourteenth Amendments:
Conspiracy and Obstruction of Justice
(Against All Defendants except and DOES XVII through XXX)

75. Plaintiff realleges and incorporates by reference paragraphs 1 through 74 as though fully set forth herein.

76. These Defendants met and conspired to delay, hinder and obstruct Plaintiff COUNTEE's constitutional right to justice either directly or indirectly by depriving him other inmates similarly situated of their Constitutional right to access to court and justice. In furtherance of the conspiracy to interfere with Plaintiff's access to the courts and justice, these Defendants:

a. Failed to file or properly manage and maintain Plaintiffs COUNTEE's complaints or requests for administrative remedy,
b. Failed to respond to Plaintiff's grievances,
c. Retaliated against Plaintiff COUNTEE for submitting complaints about the deplorable conditions at the jail, and
d. Engaged in acts of witness intimidation and evidence tampering such as by forbidding association with other victims of the flash-bang incident described herein.

77. As a direct consequence of these Defendants' conspiracy to delay, hinder and obstruct justice, Plaintiff COUNTEE has been damaged and harmed in his effort to prosecute his civil rights actions for constitutional violations and has been and continues to be deprived of evidence and information with which to vindicate these constitutional violations.

78. As a proximate result of the acts, customs, policies, patterns and practices of these Defendants alleged herein, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

## TENTH CLAIM FOR RELIEF
42 U.S.C. Section 1985
Violation of the Fourteenth Amendment:
Conspiracy to Violate Equal Protection
(Against All Defendants)

79. Plaintiff realleges and incorporates by reference paragraphs 1 through 78 as though fully set forth herein.

80. Defendants met and conspired directly or indirectly for the purpose of depriving Plaintiff COUNTEE and other inmates of color the equal protection of the laws of the United States. In furtherance of the conspiracy, Defendants engaged in acts directly targeted at the inmates of color at the Main Jail. Such acts include, but are not limited to:

a. Using unnecessary and excessive force to involuntarily extract the inmates from their cells;
b. Using flash-bang grenades in the cell extraction;
c. Restraining the inmates in prostraint chairs;
d. Failing to provide necessary medical attention for the inmates;

81. As a direct consequence of Defendants conspiracy, Plaintiff COUNTEE's constitutional rights under the Equal Protection Clause of the Fourteenth Amendment were violated.

82. As a proximate result of the acts, customs, policies, patterns and practices of Defendants alleged herein, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

///

ELEVENTH CLAIM FOR RELIEF
42 U.S.C. Section 1983
Violation of the Eighth and/or Fourteenth Amendments:
Conspiracy to Use Excessive Force and Inflict Unnecessary Pain
(Against All Defendants)

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 82 as though fully set forth herein.

84. Defendants met and conspired directly or indirectly for the purpose of using excessive force and inflicting unnecessary pain against Plaintiff COUNTEE in violation of his constitutional rights. In furtherance of the conspiracy to use excessive force and inflict unnecessary pain against Plaintiff COUNTEE, Defendants engaged in acts including, but not limited to:

a. Using excessive force, including the flash-bang grenades and beating Plaintiff COUNTEE, during the involuntary cell extractions;
b. Using flash-bang grenades in a manner that was contrary to policy and dangerous;
c. Restraining Plaintiff COUNTEE in the prostraint chair for a prolonged period of time; and
d. Failing to provide Plaintiff COUNTEE with necessary medical attention.

85. As a direct consequence of this conspiracy, Plaintiff COUNTEE's constitutional rights under the Eighth and Fourteenth Amendments were violated.

86. As a proximate result of the acts, customs, policies, patterns and practices of Defendants alleged herein, Plaintiff COUNTEE suffered personal injury and emotional distress and incurred general damages for the deprivation of his constitutional rights.

WHEREFORE, Plaintiff COUNTEE prays for relief as set forth below.

///

///

///

///

TWELFTH CLAIM FOR RELIEF
California Civil Code Section 52.1
(Against All Defendants)

87. Plaintiff realleges and incorporates by this reference paragraphs 1 through 86 as though fully set forth herein.

88. Defendants acting within the course and scope of their employment interfered and attempted to interfere with the rights of Plaintiff COUNTEE under the First and Fourteenth Amendments to the Constitution and under the California Constitution by:

a. Retaliating against Plaintiff COUNTEE for protesting the deplorable conditions of his confinement in violation of California Constitution Article I, Section 2;

b. Retaliating against and treating Plaintiff COUNTEE differently than other similarly situated inmates because of his race in violation of California Constitution Article I, Section 7;

c. Using flash-bang grenades to extract Plaintiff COUNTEE from his cell, beating him after the extraction and restraining him in a prostraint chair in violation of California Constitution Article I, Section 17.

89. As a proximate result of the conduct of Defendants, Plaintiff suffered damages, as described in this Complaint, including actual damages within the meaning of California Civil Code Section 52.

90. As a proximate result of the conduct of Defendants, Plaintiff is entitled to an award of exemplary damages, civil penalties, and attorneys' fees, as provided by California Civil Code Section 52.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

///

///

## THIRTEENTH CLAIM FOR RELIEF
California Government Code § 845.6
(Against All Defendants)

91. Plaintiff realleges and incorporates by this reference paragraphs 1 through 90 as though fully set forth herein.

92. Pursuant to Cal. Gov. Code § 845.6, these Defendants had a duty to monitor, check and respond to the persons under their custody, supervision and control.

93. Defendants knew or had reason to know that Plaintiff COUNTEE was in need of immediate medical care, and on-going follow-up medical care, and failed to take reasonable action to summon such medical care.

94. As a result of Defendants breach of said duty to take reasonable action to summon such medical care to Plaintiff COUNTEE, he has suffered damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

Wherefore, Plaintiff COUNTEE prays for judgment against Defendants as follows:

1. For compensatory damages in an amount according to proof, including treble actual damages pursuant to Cal. Civil Code §§ 52 and 52.1;
2. For punitive damages against individual defendants only, in amounts according to proof;
3. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and Cal. Civil Code §§ 52 and 52.1; and as otherwise authorized by statute or law;
4. For costs of suit;
5. Declaratory and injunctive relief; and

///

///

6. For such other and further relief as the court deems just and proper.

Dated: November 29, 2007

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: [signature]
Sanford Jay Rosen
Attorneys for Plaintiff

Dated: November 29, 2007

LAW OFFICES OF GERI LYNN GREEN, LC

By: *Geri Lynn Green*

Geri Lynn Green
Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: November 29, 2007

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: [signature]
Sanford Jay Rosen
Attorneys for Plaintiff

Dated: November 29, 2007

LAW OFFICES OF GERI LYNN GREEN, LC

By: *Geri Lynn Green*

Geri Lynn Green
Attorneys for Plaintiff