UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COURTNEY E. COUNTEE, IV,

        NO. CIV. S-07-2560 LKK/DAD

      Plaintiff,

    v.

COUNTY OF SACRAMENTO, LOU
BLANAS, MARK IWASA, DONALD
BLACK, SCOTT HAYES, RUSSELL
MUNN, KELLY LARA, NATE
O'BRIEN, PAUL LABANCE,
MICHAEL KEEGAN, JAMES
CROUSON, WILLIAM STARR,
COURTNEY BARTILSON, FRANK
FERMER, CLAUDE TORREY,
JOSEPH REEVE, and DOES 1
through XXX,,

      Defendants.
_____/

## STATUS (PRETRIAL SCHEDULING) CONFERENCE

    READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH

THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS

ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER

SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN

1  ORDER OF JUDGMENT.

2      Pursuant to court order, a Status (Pretrial Scheduling)
3  Conference was held in Chambers on date.  Geri L. Green and Nura
4  Maznavi appeared as counsel for plaintiff; Terence J. Cassidy
5  appeared as counsel for defendants.  After hearing, the court makes
6  the following findings and orders:

7      **SERVICE OF PROCESS**

8      All parties defendant have been served and no further service
9  is permitted except with leave of court, good cause having been
10 shown.

11     **JOINDER OF PARTIES/AMENDMENTS**

12     No further joinder of parties or amendments to pleadings is
13 permitted except with leave of court, good cause having been shown.
14 See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
15 1992).

16     **JURISDICTION/VENUE**

17     Jurisdiction is predicated upon 28 U.S.C. § 1331, is
18 undisputed and is hereby found to be proper, as is venue.

19     **MOTION HEARING SCHEDULES**

20     All law and motion except as to discovery is left open, save
21 and except that it shall be conducted so as to be completed by
22 March 11, 2010.  The word "completed" in this context means that
23 all law and motion matters must be **heard** by the above date.
24 Because this date is not necessarily a date previously set aside
25 for law and motion hearings, it is incumbent upon counsel to
26 contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,

1  sufficiently in advance so as to ascertain the dates upon which law
2  and motion will be heard and to properly notice its motion for
3  hearing before that date.  Counsel are cautioned to refer to Local
4  Rule 78-230 regarding the requirements for noticing such motions
5  on the court's regularly scheduled law and motion calendar.
6  **Opposition or statement of non-opposition to all motions shall be**
7  **filed not later than 4:30 p.m. fourteen (14) days preceding the**
8  **hearing date, or by proof of service by mail not less than**
9  **seventeen (17) days preceding the hearing date.**  This paragraph
10 does not preclude motions for continuances, temporary restraining
11 orders or other emergency applications, and is subject to any
12 special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
13 paragraph below.
14      At the time of filing a motion, opposition, or reply, counsel
15 are directed to email a copy in word processing format to lkk-
16 pleadings@caed.uscourts.gov.
17      The parties should keep in mind that the purpose of law and
18 motion is to narrow and refine the legal issues raised by the case,
19 and to dispose of by pretrial motion those issues that are
20 susceptible to resolution without trial.  To accomplish that
21 purpose, the parties need to identify and fully research the issues
22 presented by the case, and then examine those issues in light of
23 the evidence gleaned through discovery.  If it appears to counsel
24 after examining the legal issues and facts that an issue can be
25 resolved by pretrial motion, counsel are to file the appropriate
26 motion by the law and motion cutoff set forth supra.

1    **Unless prior permission has been granted, memoranda of law in**
2    **support of and in opposition to motions are limited to thirty (30)**
3    **pages, and reply memoranda are limited to fifteen (15) pages.  The**
4    **parties are also cautioned against filing multiple briefs to**
5    **circumvent this rule.**

6    Where the parties bring motions for summary judgment, the
7    court will deem facts which are apparently undisputed as undisputed
8    under Fed. R. Civ. P. 56(d), unless specifically reserved and that
9    party tenders evidence to support the reservation.

10   ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
11   MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
12   VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED
13   THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
14   BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
15   MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
16   SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
17   TIMELY FILE AN APPROPRIATE MOTION.

18   Counsel are further reminded that motions in limine are
19   procedural devices designed to address the admissibility of
20   evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
21   DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
22   IN LIMINE  AT THE TIME OF TRIAL.

23   **DISCOVERY**

24   No modifications of the discovery requirements found in the
25   Federal Rules is ordered.

26   All discovery is left open, save and except that it shall be

4

1  so conducted as to be <u>completed</u> by January 11, 2010.  The word

2  "completed" means that all discovery shall have been conducted so

3  that all depositions have been taken and any disputes relative to

4  discovery shall have been resolved by appropriate order if

5  necessary and, where discovery has been ordered, the order has been

6  complied with.  Motions to compel discovery must be noticed on the

7  magistrate judge's calendar in accordance with the local rules of

8  this court and so that such motions will be heard not later than

9  December 11, 2009.  In this regard, all counsel are to designate

10 in writing and file with the court and serve upon all other parties

11 a final list of the names of all experts that they propose to

12 tender at trial not later than seventy-five (75) days before the

13 close of discovery herein established. At the time of designation,

14 all experts shall submit a written report.  The contents of the

15 report must comply with Federal Rule of Civil Procedure 26

16 (A)(2)(b).  All experts so designated are to be fully prepared to

17 render an informed opinion at the time of <u>designation</u> so that they

18 may fully participate in any deposition taken by the opposing

19 party.  Experts will not be permitted to testify at the trial as

20 to any information gathered or evaluated, or opinion formed, after

21 deposition taken subsequent to designation.

22     An expert witness not appearing on said lists will not be

23 permitted to testify unless the party offering the witness

24 demonstrates: (a) that the necessity of the witness could not have

25 been reasonably anticipated at the time the lists were exchanged;

26 (b) the court and opposing counsel were promptly notified upon

1  discovery of the witness; and (c) that the witness was promptly
2  proffered for deposition.
3       **MID-LITIGATION STATEMENTS**
4       Not later than fourteen (14) days prior to the close of
5  discovery, all parties shall file with the court and serve on all
6  other parties a brief statement summarizing all law and motion
7  practice heard by the court as of the date of the filing of the
8  statement, whether the court has disposed of the motion at the time
9  the statement is filed and served, and the likelihood that any
10  further motions will be noticed prior to the close of law and
11  motion.  The filing of this statement shall not relieve the parties
12  or counsel of their obligation to timely notice all appropriate
13  motions as set forth above.
14       **FINAL PRETRIAL CONFERENCE**
15       The Final Pretrial Conference is **SET** for June 7, 2010, at 1:30
16  p.m.  Counsel are cautioned that counsel appearing for Pretrial
17  will in fact try the matter.
18       Counsel for all parties are to be fully prepared for trial at
19  the time of the Pretrial Conference, with no matters remaining to
20  be accomplished except production of witnesses for oral testimony.
21  Counsel are referred to Local Rules 40-280 and 16-281 relating to
22  the contents of and time for filing Pretrial Statements.   In
23  addition to those subjects listed in Local Rule 16-281(b), the
24  parties are to provide the court with a plain, concise statement
25  which identifies every non-discovery motion tendered to the court,
26  and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280

1 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

2     The parties shall file Separate Pretrial Statements, the

3 contents and timing of which are set forth in Local Rule 16-281,

4 except that the parties are to prepare a JOINT STATEMENT with

5 respect to the undisputed facts and disputed factual issues of the

6 case. See Local Rule 16-281(b)(3), (4), and (6). The parties are

7 reminded to include in their joint statement all disputed and

8 undisputed special factual information as required by Local Rule

9 16-281(b)(6).

10     The undisputed facts and disputed factual issues are to be set

11 forth in two separate sections. In each section, the parties

12 should identify first the general facts relevant to all causes of

13 action. After identifying the general facts, the parties should

14 then identify those facts which are relevant to each separate cause

15 of action. In this regard, the parties are to number each

16 individual fact or factual issue. Where the parties are unable to

17 agree as to what factual issues are properly before the court for

18 trial, they should nevertheless list in the section on "DISPUTED

19 FACTUAL ISSUES" all issues asserted by any of the parties and

20 explain by parenthetical the controversy concerning each issue.

21 Each individual disputed fact or factual issue shall include the

22 following introductory language: "Whether or not . . . ." The

23 parties should keep in mind that, in general, each fact should

24 relate or correspond to an element of the relevant cause of action.

25 Notwithstanding the provisions of Local Rule 16-281, the Joint

26 Statement of Undisputed Facts and Disputed Factual Issues is to be

filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed **alphabetically**.  In the event that the alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 16-281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment

1   or memory refreshment.

2         Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial

3   Statements shall contain a "statement of legal theory, etc." Each

4   party shall commence this section by specifying as to each claim

5   whether federal or state law governs, and if state law, the state

6   whose law is applicable.

7         Counsel are also reminded that, pursuant to Fed. R. Civ. P.

8   16, it will be their duty at the Pretrial Conference to aid the

9   court in (a) formulation and simplification of issues and the

10  elimination of frivolous claims or defenses; (b) settling of facts

11  which should be properly admitted; and (c) the avoidance of

12  unnecessary proof and cumulative evidence.  Counsel must prepare

13  their Pretrial Statements, and participate in good faith at the

14  Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

15  MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

16  monetary sanctions, orders precluding proof, eliminations of claims

17  or defenses, or such other sanctions as the court deems

18  appropriate.

19        **TRIAL SETTING**

20        Trial is **SET** for September 8, 2010, at 10:30 a.m.  Trial will

21  be by jury.  The parties represent in good faith that the trial

22  will take approximately ten (10) days.

23        **SETTLEMENT CONFERENCE**

24        A Settlement Conference will be set before a judge other than

25  the trial judge at the time of the Pretrial Conference.

26        Counsel are cautioned to have a principal capable of

9

1  disposition present at the Settlement Conference or to be fully
2  authorized to settle the matter on any terms and at the Settlement
3  Conference.

4      **MISCELLANEOUS PROVISIONS**

5      The parties are reminded that pursuant to Fed. R. Civ. P.
6  16(b), the Status (pretrial scheduling) Order **shall not be modified**
7  **except by leave of court upon a showing of good cause.** Counsel are
8  cautioned that changes to any of the scheduled dates will
9  necessarily result in changes to all other dates.  Thus, even where
10 good cause has been shown, the court will not grant a request to
11 change the discovery cutoff date without modifying the pretrial and
12 trial dates.

13     **Agreement by the parties pursuant to stipulation does not**
14 **constitute good cause.  Nor does the unavailability of witnesses**
15 **or counsel, except in extraordinary circumstances, constitute good**
16 **cause.**

17     The parties are reminded of their continuing obligation to
18 supplement their statements relative to the identification of
19 parent corporations and any publicly held company that owns 10% or
20 more of the party's stock within a reasonable time of any change
21 in the information.

22     The parties are admonished that they are not to cite or refer
23 to any of the quotations inscribed in the pavers on the front plaza
24 of the United States Courthouse in any written or oral presentation
25 to the court or a jury.

26     There appear to be no other matters presently pending before

10

the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

DATED:  June 3, 2008.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT